IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEBBIE L. ABLES,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL ASTRUE, Commissioner of the Social Security Administration<br><br>　　　　　Defendant. | Case No. 1:08 cv 096 BCW<br><br>**MEMORANDUM DECISION AND ORDER REMANDING THE COMMISSIONER'S DECISION and CLOSING CASE**<br><br>Magistrate Judge Brooke C. Wells |

On October 8, 2009, the instant case came for hearing before the undersigned. John Borsos represented Plaintiff and Alexess Rea represented Defendant. After considering the record, the parties' memoranda and hearing oral argument, the Court enters the following Memorandum Decision and Order remanding this case to the Administrative Law Judge (ALJ).

As noted in the record, counsel did not represent Claimant during the hearings before the ALJ. The Court acknowledges that a lack of counsel during the proceedings before an ALJ is not in and of itself grounds for remand or reversal.[1] But, in this case the Court finds that Claimant was prejudiced by not having counsel present and concludes that a remand is appropriate for the following reasons.

First, medical records appear to be missing. "Although a claimant has the burden of providing medical evidence proving disability, the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues."[2] Here, the Claimant testified that she sought to obtain medical records but her doctor declined because of the potential

---

[1] *See Alvarez v. Bowen*, 704 F.Supp. 49, 52-32 (S.D.N.Y. 1989).
[2] *Baca v. Department of Health & Human Servs.*, 5 F.2d 476, 479080 (10th Cir. 1993) (citations omitted).

for tampering with the records.  Having heard this testimony from Claimant, the ALJ was under a duty to seek out any additional records to fully develop the record.  The ALJ's duty of inquiry to fully and fairly develop the record as to material issues is "especially strong in the case of an unrepresented claimant."[3]  Here, the Court concludes the ALJ failed to meet this duty.

In close relation to the Court's first perceived error, the ALJ's failure to obtain medical records that allegedly existed concerning blood transfusions and Claimant's anemia undermines the ALJ's decision regarding Listing 7.02.  Accordingly, the Court concludes the ALJ's decision concerning Listing 7.02 is not supported by substantial evidence.

Next, the Court concludes "the incomplete record undermines the remaining findings as to Step Four regarding the R.F.C.[4] and any Step Five conclusions that she could perform other work in the economy."[5]

Finally, the record reveals that the ALJ failed to obtain a knowing and valid waiver of counsel from Plaintiff.  The Court rejects the Government's argument that there was an effective waiver in this case.[6]  Claimant explicitly requested the assistance of counsel.  Although the ALJ initially informed Claimant of her right to counsel following her request, the ALJ failed to grant a continuance at the second hearing when Claimant's counsel allegedly had a time conflict.  If the ALJ thought the Claimant had been given adequate time to obtain counsel, but had failed in her responsibility to do so, such a

---

[3] *Carter v. Chater*, 73 F.3d 1019, 1021 (10th Cir. 1996); *see also Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).
[4] R.F.C. stands for Residual Functional Capacity.
[5] October 8, 2009, hearing.
[6] *Cf. Carter*, 73 F.3d at 1021 (concluding the plaintiff was adequately advised of her right to counsel although the ALJ failed to "place both the advisement and the waiver on the record during the hearing").

2

finding should have been made by the ALJ.  Without a valid waiver, or some sort of determination regarding the right to counsel, this Court must guess as to what the ALJ was thinking.  "[I]t is well settled that administrative agencies must give reasons for their decision."[7]  Here, the ALJ failed to give adequate reasons for proceeding with the second hearing without counsel or in obtaining a knowing and valid waiver.  If counsel had been present, then perhaps, the errors committed by the ALJ due to missing medical records may have been alleviated.

Based upon the foregoing this case is remanded to the ALJ for proceedings consistent with the Court's decision.  The Court FURTHER ORDERS that the ALJ must develop the record to indicate a full, knowing and valid waiver of counsel by Claimant or have counsel present for Claimant at the hearing.

DATED this 13th day of October, 2009.

Brooke C. Wells
United States Magistrate Judge

---

[7] *Reyes v. Bowen*, 845 F.2d 242, 244 (10th Cir. 1988).